# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

## Case No. 24-3223



## Assata Hackman, Appellant v. InductEV, Appellee

**Appeal from the Orders of: Gene E. K. Pratter, U.S.D.J and Paul S. Diamond,**

## U.S.D.J

# In the United States District Court of the Eastern District of Pennsylvania

## Reply of Appellant, Assata Hackman (Pro Se)

## Appellant's Response

I, Appellant, respectfully submit the following reply to the court in response to Appellee's responsive brief:

## Background

The Appellee brief relies on three critical assumptions that I wish to clarify.

These assumptions involve the body of facts that I submitted to support my case **prior to appeal**; the email of 09/25/2023; and my citation of the case record in my Appellant Brief.

## Clarifications

As argued in my appeal, InductEv has consistently avoided my clearest facts in favor of those that are more ambiguous. Their brief relies on facts I recited largely from memory--in order to write my complaint, several months before receiving any discovery.

Because I was able to use discovery to parse facts that build on each-other and give a clearer view of my claims, the defendants argument has become a straw man. This is more evident when the facts and documents outlined in my Trial brief are compared to their asserted foundations to my claims.

This is exemplified in their continued characterization of my failure to promote claim; they argue that it stems from not being promoted as a senior technician. It is worth noting that the application of the 1866 law that I cited

involved the ability to make and modify contracts—this application is not encompassed by receiving a specific promotion. My argument there has been repeatedly clarified: that I was denied the chance to modify my employment terms (to negotiate title compensation and duties) whereas several white colleagues of varying departments, tenure and experience were given that right. This may not have been best represented by my discussion of my eligibility for the senior technician role but is sufficiently clear through my ECF 141 discussion of Omar Jackson's delayed promotion, and the promotion practices of Inductev.

The next item would be the InductEv's presentation of their asserted recounting of mediation as a stipulated fact. I have never "admitted" to making an agreement and then refusing to follow through. The district court in its 02/28/2024 order (ECF No. 50) has considered, and I have maintained--- that a condition precedent existed wherein I (having intelligence and vocabulary but lacking **critical** legal training) was to see the defendant' full proposal in writing before finalizing the agreement and setting things in motion.

Like the other facts of this case, InductEv's commitment to misrepresenting my statements to others can be best read through lines 20-24 and 1-9 on pages 491-492 of Doc 137**

**Their transcription of that section (which I only received *after* an august 2024 motion to compel) is generally correct but rewrites part of the dialogue; the best record of the dialogue is heard the video clip I provided to the district court (Video cc 11:36:00-11:37:17, 11:54:05-11:54:34) as a part of my Exhibit PTE 110. Those video clips should still be on file and were acknowledge by the district clerk in Doc 138 of the case record.

Finally, InductEV attacks the eligibility of my questions 5 and 6, due to word count and reliance on the case record. These questions do not ask if I am providing a new argument for the curability of dismissed complaint counts—the questions ask if there was sufficient evidence and argument on the record at the time of dismissal that would have obligated the court to grant leave to amend. Because circuit appeals, the appeal allow the review of arguments and facts filed on the record for clear error—a failure to repeat a prior argument should not preclude a party from the justice of de novo review.

Sincerely,

/s/Assata Hackman (Pro Se)

7:21 PM, 3/25/2025