**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3223
_____

ASSATA ACEY HACKMAN,
                                        Appellant

v.

INDUCTEV
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:23-cv-01438)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2025
Before:  KRAUSE, PHIPPS, and ROTH, Circuit Judges

(Opinion filed: July 1, 2025)
_____

OPINION*
_____

PER CURIAM

    Assata Acey Hackman, proceeding pro se, appeals from orders granting a motion

to dismiss in part and granting a motion for summary judgment in an action raising race

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

and sex-based employment discrimination and related claims. We will affirm the District Court's judgment.

I.

Hackman was hired as a technician at InductEV (formerly Momentum Dynamics Corporation) in June 2021. In May 2022, she filed a pro se complaint with the Pennsylvania Human Relations Commission alleging that she experienced sex and race-based discrimination, harassment, and retaliation while working at InductEV. She later amended the complaint, and shortly thereafter the case was transferred to the Equal Employment Opportunity Commission (EEOC).

In September 2022, Hackman participated in a private mediation with InductEV during which the parties reached an agreement: in exchange for Hackman's resignation and release of her claims, InductEV would pay her $50,000 and provide a neutral reference for future employment. A few days later, after a disagreement over her request for two days of paid time off, Hackman refused to sign the written settlement agreement and InductEV, operating under the belief that she had resigned, terminated her employment. A few weeks later, Hackman filed an amended charge of discrimination with the EEOC, alleging several categories of violations, including that she was terminated in retaliation for filing her original complaint.

The EEOC subsequently issued a Notice of Right to Sue, and in March 2023, proceeding pro se, Hackman filed an employment discrimination action against InductEV in the Court of Common Pleas of Chester County. InductEV timely removed the action to federal court and moved to dismiss. The District Court partially granted the motion,

dismissing seven of Hackman's twenty claims with prejudice and three without prejudice. It denied the motion to dismiss as to the remaining ten claims, and granted Hackman leave to amend her complaint as to the claims dismissed without prejudice. Hackman filed a motion for reconsideration regarding some of the claims dismissed with prejudice which the District Court denied.[1] The District Court later granted the defendant's motion for summary judgment and dismissed the remaining claims, and Hackman timely appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). We construe Hackman's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Hackman's opening brief challenges the District Court's grant of summary judgment with respect to her racial discrimination claims, Title VII and Pennsylvania Human Relations Act (PHRA) hostile work environment claims, and Title VII and PHRA

---

[1] At this point, Hackman filed an interlocutory appeal (docketed in this Court at C.A. No. 24-1521) of the denial of her motion for reconsideration and the dismissal of certain claims with prejudice, which we dismissed for lack of appellate jurisdiction.

retaliation claims.[2] Her arguments are difficult to parse, in large part because she

provides minimal citations to the voluminous record available in the District Court. Of

the citations she does provide, many either do not exist, are not what she says they are,

lack sufficient context, or merely direct our attention to other citations to the record. See

Fed. R. App. P. 28(a)(8)(A) (explaining that an appellant's "argument . . . must

contain . . . [the] appellant's contentions and the reasons for them, with citations to the

authorities and parts of the record on which the appellant relies"); 3d Cir. L.A.R. 28.3(c)

("All assertions of fact in briefs must be supported by a specific reference to the

record."). Nevertheless, we address each set of claims in turn.

## III.

To establish her racial discrimination claims, Hackman needed to show (1) she is a

member of a protected class; (2) she was qualified for the position she sought to attain or

retain; (3) she suffered an adverse employment action; and (4) the action occurred under

circumstances that could give rise to an inference of intentional discrimination. Makky v.

Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglass Corp. v. Green,

411 U.S. 792, 802 (1973)). The District Court granted summary judgment on her claims

---

[2] Hackman's opening brief does not make any arguments regarding the District Court's
dismissal of Counts II, XIII, XIV, XV, XVI, and XX of her complaint, nor any of its
orders denying her motions thereafter. She has thus forfeited these issues. See In re
Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that litigants forfeit claims that they
fail to develop in an opening brief). To the extent that she attempts to raise arguments
regarding whether the defects noted by the District Court in Counts I, III, IV, and IX of
her complaint were curable and whether she should have been granted leave to amend,
she does so by reference to the brief from her interlocutory appeal (which she has
included within the over 1200 pages attached as her index). Even if we were to consider
these arguments, but see Fed. R. App. P. 28(a)(8), they lack merit.

of racial discrimination because "the undisputed evidence shows that she was unqualified for the Senior Technician position," ECF No. 168 at 7, and she failed to demonstrate that this nondiscriminatory reason for not promoting her to that position was pretextual. We agree. Hackman argues that the District Court misinterpreted her claim—rather than specifically seeking the Senior Technician position, she sought to be "reclassified" after being given job tasks "that were beyond [her] job description" and was denied, and that "the company had a history of . . . promoting or modifying contracts[] more often to white employees than black employees." Appellant's Brief at 29. But she fails to cite anything in the record that supports this version of the claim.[3]

To establish her hostile workplace environment claims, Hackman needed to prove the following: (1) she suffered intentional discrimination because of her race or sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected her; (4) the discrimination would detrimentally affect a reasonable person of the same race or sex in that position; and (5) the existence of *respondeat superior* liability. Huston v. Procter & Gamble Paper Prods. Corp., 568 F.3d 100, 104 (3d Cir. 2009).[4] The District Court granted summary judgment on Hackman's hostile work environment

---

[3] She cites to examples of what appear to be some kind of work product, as well as excerpts from the deposition of her husband Daniel Hackman, a former employee of InductEV, who explains that at some point she was assigned a project by her supervisor that was not expected of other technicians and was consistent with the work expected of an electrical engineer. But she does not direct our attention to anything else in the record which establishes the required elements for the claim in this context, and we decline to comb through the record and make her argument for her.

[4] This analysis is the same under both Title VII and the PHRA. See Bowser v. Clarion Cnty., 206 A.3d 68, 75 (Pa. Commw. Ct. 2019).

claims because she "offers no evidence to support any of [her] allegations" of intentional discrimination. ECF No. 168 at 5. We agree with the District Court's analysis of the evidence. Hackman argues that the District Court ignored several pieces of evidence she submitted. She fails to provide record citations for most of the examples she provides, and those for which she does provide citations fail for the same reasons as those analyzed by the District Court—they either fail to demonstrate intentional discrimination on the basis of her race or sex or are not severe or pervasive enough.

Finally, to state a retaliation claim, Hackman needed to provide evidence that "(1) she engaged in [protected activity]; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." Moore v. City of Philadelphia, 461 F.3d 331, 340-41 (3d Cir. 2006), as amended (Sept. 13, 2006). The District Court granted summary judgment on Hackman's retaliation claims because "the undisputed evidence shows that the company did not allow Hackman to return to work because it believed the matter had settled—not for a retaliatory motive." ECF No. 168 at 9. We agree. In her brief, Hackman asserts that this is not true, but fails to cite to anything in the record that shows a genuine dispute as to whether her termination occurred because InductEV believed it was accepting her resignation as agreed at mediation, or that this reason was pretextual.

Accordingly, we will affirm the judgment of the District Court.