# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

# Case No. 24-3223

# Assata Hackman, Appellant v. InductEV, Appellee

# Appeal from the Orders of: Gene E. K. Pratter, U.S.D.J and Paul S. Diamond, U.S.D.J

# In the United States District Court of the Eastern District of Pennsylvania

# Petition for rehearing by Appellant, Assata Hackman (Pro Se)

## Petition for Panel Rehearing

I, Appellant, respectfully submit the following request for panel rehearing of the attached order, with expressed intent to pursue oral argument if rehearing is granted.

## Background

On 07/01/2025, this court provided a per curiam opinion in which it acknowledged receipt of appellant's 1000+ page appendix, yet it largely attributed its opinion to lack of context and inability to correctly locate appellant's cited evidence.

This court also has an unwritten policy of discouraging oral argument from pro se parties, and such petitions have rarely been granted.

Nevertheless, the value and requirements of oral argument are listed in FRCP 34(a)(2), namely:

"Oral argument must be allowed in every case unless a panel of three judges who have examined the briefs and record unanimously agrees that oral argument is unnecessary for any of the following reasons: (A) the appeal is frivolous; (B) the dispositive issue or issues have been authoritatively decided; or (C) the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument".

**Statement of Misapprehended Facts**

Rehearing is appropriate because this court's opinion has misapprehended facts that are material to my appeal.

Particularly, this court has misapprehended facts of InductEV's promotion practices favoring one race, the severity and frequency of my experiences of racial and sexual discrimination while working for InductEV, and my sufficient communications to InductEV regarding same.

This misapprehension is shown through its cause—evidence is central to most determinations of fact; this court's concerns about the existence of evidence present a real barrier to any thorough apprehension of facts.

This is the same contention I have made about the district court; it appears that it will require a greater remedy than written words and electronic attachments to fix. Because I contend that all relevant evidence was included in the appendix, I believe that the appropriate remedy would be to clarify the locations of evidence and present fuller context through oral argument.

**Argument**

**Value of Rehearing**

Rehearing is valuable in this case because it is likely to change the facts central to this court's decision through the contextualization and presentation of submitted evidence.

Oral language is often more forgiving, with more opportunities to clarify

meaning than the finality of a written document. The technical and grammatical challenges of written briefs are reasonably aided by oral argument. Because of this, a granting of rehearing together with the remedy of oral argument would better facilitate the coordinated review of my submitted evidence—allowing my appeal to be evaluated by its merits as opposed to curable miscommunications.

## Eligibility for Oral Argument

Moreover, I believe the case would be eligible for oral argument upon a grant of rehearing because it would satisfy the factors of FRCP 34(a)(2):

Factor C is met because this court's opinion has fully expressed dissatisfaction with the presentation of facts and arguments the appellant brief.

Factor B is met because the dispositive issues decided by this court are still within this court's authority to amend on rehearing.

In the same vein, factor A is also met. The connotative definition of frivolous (from factor A) involves contentions that are not relevant to this court's jurisdiction, lacking in necessary assertions of fact, or otherwise improbable through evidence. This court relied on its jurisdiction to issue an order in the appeal, and it retains jurisdiction for a rehearing.

The governing assertion of my appeal is that the district court failed to consider submitted and admissible evidence in its evaluation of InductEV's

summary motion. This assertion of fact is sufficient to challenge the district court's ruling because of the determinative role of evidence at the summary stage.

For the foregoing reasons, I request that this court grant my petition for panel rehearing.


Sincerely,

/s/Assata Hackman (Pro Se)

8:15 AM, 7/04/2025